1    Neel Chatterjee (SBN 173985)
     nchatterjee@goodwinlaw.com
2    **GOODWIN PROCTER** LLP
     601 Marshall Street
3    Redwood City, California 94063
     Tel.: 650.752.3100
4    Fax.: 650.853.1038

5    Todd A. Boock (SBN 181933)
     tboock@goodwinlaw.com
6    **GOODWIN PROCTER** LLP
     601 S. Figueroa St., 41st Floor
7    Los Angeles, California 90017
     Tel.: 213.426.2500
8    Fax.: 213.623.1673

9    Michaela C. Ogden (SBN 324493)
     mogden@goodwinlaw.com
10   **GOODWIN PROCTER** LLP
     Three Embarcadero Center
11   San Francisco, California 94111
     Tel.: 415.733.6000
12   Fax.: 415.677.9041

13   Attorneys for Plaintiff
     HIGH LINER FOODS (USA), INC. and
14   RUBICON RESOURCES, LLC

15   [Additional counsel in signature block]

MANDATORY
CHAMBERS COPY

NOTE CHANGES MADE BY THE COURT

16

17              **UNITED STATES DISTRICT COURT**

18              **CENTRAL DISTRICT OF CALIFORNIA**

19                  **WESTERN DIVISION**

20

21

22   HIGH LINER FOODS (USA), INC.          Case No. 2:19-cv-05060 JAK (AGRx)
     and RUBICON RESOURCES, LLC,
23                                          ~~[PROPOSED]~~ STIPULATED
              Plaintiffs,                   **PROTECTIVE ORDER**
24
          v.                                **DISCOVERY MATTER**
25
     HAVEN FOODS, LLC,
26            Defendant.                     NOTE CHANGES MADE BY THE COURT

27

28

1.    A. <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

   B. <u>GOOD CAUSE STATEMENT</u>

This action involves alleged trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of

1  discovery materials, to adequately protect information the parties are entitled to

2  keep confidential, to ensure that the parties are permitted reasonable necessary uses

3  of such material in preparation for and in the conduct of trial, to address their

4  handling at the end of the litigation, and serve the ends of justice, a protective order

5  for such information is justified in this matter.  It is the intent of the parties that

6  information will not be designated as confidential for tactical reasons and that

7  nothing be so designated without a good faith belief that it has been maintained in a

8  confidential, non-public manner, and there is good cause why it should not be part

9  of the public record of this case.

10  2.   **DEFINITIONS**

11       2.1   <u>Action</u>:  *High Liner Foods USA, Inc. et al v. Haven Foods, LLC*, Case

12  No. 2:19-cv-05060 JAK (AGRx).

13       2.2   <u>Challenging Party</u>:  a Party or Non-Party that challenges the

14  designation of information or items under this Order.

15       2.3   <u>"CONFIDENTIAL" Information or Items</u>:  information (regardless of

16  how it is generated, stored or maintained) or tangible things that qualify for

17  protection under Federal Rule of Civil Procedure 26(c), and as specified above in

18  the Good Cause Statement.

19       2.4   <u>Counsel</u>:  Outside Counsel of Record and House Counsel (as well as

20  their support staff).

21       2.5   <u>Designating Party</u>:  a Party or Non-Party that designates information or

22  items that it produces in disclosures or in responses to discovery as

23  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

24  ONLY."

25       2.6   <u>Disclosure or Discovery Material</u>:  all items or information, regardless

26  of the medium or manner in which it is generated, stored, or maintained (including,

27

28

among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7   <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8   "<u>HIGHLY CONFIDENTIAL</u>" Information or Items:   information or items (regardless of how generated, stored or maintained) or tangible things that contain or reflect sensitive Confidential Information that the designating party contends are trade secrets and/or commercially sensitive, the disclosure of which could cause harm that could not be avoided absent such designation.

2.9   <u>House Counsel</u>: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10   <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11   <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.12   <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13   <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14   <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or

-3-

1   demonstrations, and organizing, storing, or retrieving data in any form or medium)

2   and their employees and subcontractors.

3       2.15   Protected Material:  any Disclosure or Discovery Material that is

4   designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

5   ATTORNEYS' EYES ONLY."

6       2.16   Receiving Party:  a Party that receives Disclosure or Discovery

7   Material from a Producing Party.

8   3.   SCOPE

9       The protections conferred by this Stipulation and Order cover not only

10  Protected Material (as defined above), but also (1) any information copied or

11  extracted from Protected Material; (2) all copies, excerpts, summaries, or

12  compilations of Protected Material; and (3) any testimony, conversations, or

13  presentations by Parties or their Counsel that might reveal Protected Material.

14  4.   DURATION

15      Even after final disposition of this litigation, the confidentiality obligations

16  imposed by this Order shall remain in effect until a Designating Party agrees

17  otherwise in writing or a court orders otherwise.  Final disposition shall be deemed

18  to be the later of (1) dismissal of all claims and defenses in this Action, with or

19  without prejudice; and (2) final judgment herein after the completion and

20  exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

21  including the time limits for filing any motions or applications for extension of time

22  pursuant to applicable law.

23  5.   DESIGNATING PROTECTED MATERIAL

24      5.1   Exercise of Restraint and Care in Designating Material for Protection.

25  Each Party or Non-Party that designates information or items for protection under

26  this Order must take care to limit any such designation to specific material that

27  qualifies under the appropriate standards.  To the extent it is practical to do so, the

28

1  Designating Party must designate for protection only those parts of material,

2  documents, items, or oral or written communications that qualify – so that other

3  portions of the material, documents, items, or communications for which protection

4  is not warranted are not swept unjustifiably within the ambit of this Order.

5       Mass, indiscriminate, or routinized designations are prohibited.  Designations

6  that are shown to be clearly unjustified or that have been made for an improper

7  purpose (e.g., to unnecessarily encumber the case development process or to

8  impose unnecessary expenses and burdens on other parties) may expose the

9  Designating Party to sanctions.

10       If it comes to a Designating Party's attention that information or items that it

11  designated for protection do not qualify for protection at all or do not qualify for the

12  level of protection initially asserted, that Designating Party must promptly notify all

13  other parties that it is withdrawing the inapplicable designation.

14       5.2  <u>Manner and Timing of Designations</u>.  Except as otherwise provided in

15  this Order (*see, e.g.*, second paragraph of section 5.2(a) below), or as otherwise

16  stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

17  under this Order must be clearly so designated before the material is disclosed or

18  produced.

19       Designation in conformity with this Order requires:

20       (a)  <u>for information in documentary form</u> (e.g., paper or electronic

21  documents, but excluding transcripts of depositions or other pretrial or trial

22  proceedings), that the Producing Party affix at a minimum, the legend

23  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

24  ONLY" to each page that contains protected material.  If only a portion or portions

25  of the material on a page qualifies for protection, the Producing Party also must

26  clearly identify the protected portion(s) (e.g., by making appropriate markings in

27  the margins) and must specify, for each portion, the level of protection asserted.

28

1    A Party or Non-Party that makes original documents available for inspection

2    need not designate them for protection until after the inspecting Party has indicated

3    which documents it would like copied and produced.  During the inspection and

4    before the designation, all of the material made available for inspection shall be

5    deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the

6    inspecting Party has identified the documents it wants copied and produced, the

7    Producing Party must determine which documents, or portions thereof, qualify for

8    protection under this Order.  Then, before producing the specified documents, the

9    Producing Party must affix the appropriate legend ("CONFIDENTIAL" or

10   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that

11   contains Protected Material.

12         (b)    for testimony given in a deposition ~~or in other pretrial or trial~~

13   ~~proceedings,~~ that the Designating Party identify on the record, before the close of

14   the deposition, ~~hearing, or other proceeding,~~ all protected testimony and specify the

15   level of protection being asserted.

16         The use of a document as an exhibit at a deposition shall not in any way

17   affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

18   ATTORNEYS' EYES ONLY."  Transcripts containing Protected Material shall

19   have an obvious legend on the title page that the transcript contains Protected

20   Material, and the title page shall be followed by a list of all pages (including line

21   numbers as appropriate) that have been designated as Protected Material and the

22   level of protection being asserted by the Designating Party.  The Designating Party

23   shall inform the court reporter of these requirements.

24         (c)    for information produced in some form other than documentary and

25   for any other tangible items, that the Producing Party affix in a prominent place on

26   the exterior of the container or containers in which the information is stored the

27   legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

28

1    EYES ONLY." If only a portion or portions of the information warrants protection,

2    the Producing Party, to the extent practicable, shall identify the protected portion(s).

3        5.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent

4    failure to designate qualified information or items does not, standing alone, waive

5    the Designating Party's right to secure protection under this Order for such

6    material. Upon timely correction of a designation, the Receiving Party must make

7    reasonable efforts to assure that the material is treated in accordance with the

8    provisions of this Order.

9    6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

10       6.1    <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a

11   designation of confidentiality at any time that is consistent with the Court's

12   Scheduling Order.

13       6.2    <u>Meet and Confer.</u>  The Challenging Party shall initiate the dispute

14   resolution process under Local Rule 37.1, *et seq.* by providing written notice of each

15   designation it is challenging and describing the basis for each challenge. To avoid

16   ambiguity as to whether a challenge has been made, the written notice must recite

17   that the challenge to confidentiality is being made in accordance with this specific

18   paragraph of the Protective Order. The parties shall attempt to resolve each challenge

19   in good faith and must begin the process by conferring directly (in voice to voice

20   dialogue; other forms of communication are not sufficient) within ten (10) days of

21   the date of service of notice. In conferring, the Challenging Party must explain the

22   basis for its belief that the confidentiality designation was not proper and must give

23   the Designating Party an opportunity to review the designated material, to reconsider

24   the circumstances, and, if no change in designation is offered, to explain the basis for

25   the chosen designation. A Challenging Party may proceed to the next stage of the

26   challenge process only if it has engaged in this meet and confer process first or

27

28

1   establishes that the Designating Party is unwilling to participate in the meet and
2   confer process within the ten (10) day period.

3        6.3   Judicial Intervention.  If the Parties are unable to resolve the dispute
4   through the meet and confer process, then, within five (5) business days of the meet
5   and confer, the Challenging Party shall email the Designating Party a proposed
6   neutral statement of the dispute and at least two (2) proposed dates and times for a
7   telephonic or in-person discovery conference with the Court, pursuant to Magistrate
8   Judge Rosenberg's Procedure No. 1.  Within two (2) business days of receiving the
9   email, the Designating Party shall email the Challenging Party any comments or edits
10  to the neutral statement of the dispute and the proposed dates and times for the
11  discovery conference with the Court.  Within two (2) business days of receiving the
12  objecting party's comments and edits, the Challenging Party shall email (with a cc:
13  to      the      objecting      party)      the      Courtroom      Deputy      Clerk      at
14  AGR_Chambers@cacd.uscourts.gov to request a discovery conference and shall
15  provide at least three proposed dates and times, agreeable to the parties, for the
16  discovery conference.  At least one (1) court day before the discovery conference,
17  the Challenging Party shall file a Joint Report containing the parties' neutral
18  statement of the dispute, without argument, to be addressed at the discovery
19  conference. Pursuant to Magistrate Judge Rosenberg's Procedure No. 1, if the Court
20  is unable to resolve the dispute at the discovery conference, the Court will set a
21  briefing schedule at that time.  The Parties' entry into this Order shall not preclude
22  or prejudice either Party from arguing for or against any designation, establish any
23  presumption that a particular designation is valid, or alter the burden of proof that
24  would otherwise apply in a dispute over discovery or disclosure of information.

25        The burden of persuasion in any such challenge proceeding shall be on the
26  Designating Party.  Frivolous challenges, and those made for an improper purpose
27  (e.g., to harass or impose unnecessary expenses and burdens on other parties) may
28

1  expose the Challenging Party to sanctions.  Unless the Designating Party has waived

2  or withdrawn the confidentiality designation, all parties shall continue to afford the

3  materials in question the level of protection to which it is entitled under the Producing

4  Party's designation until the Court rules on the challenge.

5  7.      ACCESS TO AND USE OF PROTECTED MATERIAL

6       7.1    Basic Principles.  A Receiving Party may use Protected Material that is

7  disclosed or produced by another Party or by a Non-Party in connection with this

8  Action only for prosecuting, defending, or attempting to settle this Action.  Such

9  Protected Material may be disclosed only to the categories of persons and under the

10  conditions described in this Order.  When the Action has been terminated, a

11  Receiving Party must comply with the provisions of section 13 below (FINAL

12  DISPOSITION).

13       Protected Material must be stored and maintained by a Receiving Party at a

14  location and in a secure manner that ensures that access is limited to the persons

15  authorized under this Order.

16       7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless

17  otherwise ordered by the court or permitted in writing by the Designating Party, a

18  Receiving Party may disclose any information or item designated

19  "CONFIDENTIAL" only to:

20       (a)     The Receiving Party's Outside Counsel of Record in this Action, as

21  well as employees of said Outside Counsel of Record to whom it is reasonably

22  necessary to disclose the information for this Action;

23       (b)     the officers, directors, and employees (including House Counsel) of

24  the Receiving Party to whom disclosure is reasonably necessary for this Action;

25       (c)     Experts (as defined in this Order) of the Receiving Party to whom

26  disclosure is reasonably necessary for this Action and who have signed the

27  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

28

- 9 -

1        (d)    the Court and its personnel;

2        (e)    court reporters and their staff;

3        (f)    professional jury or trial consultants, mock jurors, and Professional

4    Vendors to whom disclosure is reasonably necessary for this Action and who have

5    signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

6        (g)    the author or recipient of a document containing the information or

7    a custodian or other person who otherwise possessed or knew the information;

8        (h)    during their depositions, witnesses, and attorneys for witnesses, in

9    the Action to whom disclosure is reasonably necessary provided: (1) the deposing

10   party requests that the witness sign the form attached as Exhibit A hereto; and (2)

11   they will not be permitted to keep any confidential information unless they sign the

12   "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise

13   agreed by the Designating Party or ordered by the court.  Pages of transcribed

14   deposition testimony or exhibits to depositions that reveal Protected Material may

15   be separately bound by the court reporter and may not be disclosed to anyone

16   except as permitted under this Stipulated Protective Order;

17       (i)    any mediator or settlement officer, and their supporting personnel,

18   mutually agreed upon by any of the parties engaged in settlement discussions; and

19       (j)    any other person with the prior written consent of the Designating

20   Party or by Order of this Court.

21       7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

22   ONLY" Information or Items.  A higher level of protection shall be provided for

23   trade secrets and highly sensitive research, development or commercial documents,

24   testimony, information, or other materials designated "HIGHLY CONFIDENTIAL

25   – ATTORNEYS' EYES ONLY."  Unless otherwise ordered by the Court or

26   permitted in writing by the Designating Party, access to material designated

27

28

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be restricted to the following individuals:

(a)    Outside Counsel of Record for the Parties as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information to assist such attorneys in connection with the Action;

(b)    Experts (as defined in this Order) used by Outside Counsel of Record for the Parties (1) to whom disclosure is reasonably necessary for this Action; and (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)    court reporters and their staff;

(d)    the Court and its personnel;

(e)    professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)    authors and recipients of the Confidential Material;

(g)    a fact deposition witness or a trial witness that meets the limitations of Section (f) above; any 30(b)(6) deposition witness presented by the Designating Party; any trial witness, provided that the Designated Material marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" has been or will be offered into evidence, by stipulation of the Designating Party or by ruling by the Court; attorneys for those witnesses; and if disclosure is reasonably necessary provided: (1) the deposing and/or examining party requests that the witness sign the form attached as Exhibit A hereto; and (2) the witness will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court

1   reporter and may not be disclosed to anyone except as permitted under this
2   Stipulated Protective Order;

3         (h)    any mediator or settlement officer, and their supporting personnel,
4   mutually agreed upon by the parties engaged in settlement discussions, subject to
5   their agreement to maintain confidentiality to the same degree as required by this
6   Protective Order; and

7         (i)    any other person with the prior written consent of the Designating
8   Party or by Order of this Court.

9   8.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED</u>
10         <u>IN OTHER LITIGATION</u>

11       If a Party is served with a subpoena or a court order issued in other litigation
12   that compels disclosure of any information or items designated in this Action as
13   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
14   ONLY," that Party must:

15         (a)    promptly notify in writing the Designating Party.  Such notification
16   shall include a copy of the subpoena or court order;

17         (b)    promptly notify in writing the party who caused the subpoena or
18   order to issue in the other litigation that some or all of the material covered by the
19   subpoena or order is subject to this Protective Order.  Such notification shall
20   include a copy of this Stipulated Protective Order; and

21         (c)    cooperate with respect to all reasonable procedures sought to be
22   pursued by the Designating Party whose Protected Material may be affected.

23       If the Designating Party timely seeks a protective order, the Party served with
24   the subpoena or court order shall not produce any information designated in this
25   action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'
26   EYES ONLY" before a determination by the court from which the subpoena or
27   order issued, unless the Party has obtained the Designating Party's permission.  The
28

1   Designating Party shall bear the burden and expense of seeking protection in that

2   court of its confidential material and nothing in these provisions should be

3   construed as authorizing or encouraging a Receiving Party in this Action to disobey

4   a lawful directive from another court.

5   9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE

6          PRODUCED IN THIS LITIGATION

7          (a)     The terms of this Order are applicable to information produced by a

8   Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY

9   CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Such information produced

10  by Non-Parties in connection with this litigation is protected by the remedies and

11  relief provided by this Order.  Nothing in these provisions should be construed as

12  prohibiting a Non-Party from seeking additional protections.

13         (b)     In the event that a Party is required, by a valid discovery request, to

14  produce a Non-Party's confidential information in its possession, and the Party is

15  subject to an agreement with the Non-Party not to produce the Non-Party's

16  confidential information, then the Party shall:

17                (1)     promptly notify in writing the Requesting Party and the Non-

18  Party that some or all of the information requested is subject to a confidentiality

19  agreement with a Non-Party;

20                (2)     promptly provide the Non-Party with a copy of the Stipulated

21  Protective Order in this Action, the relevant discovery request(s), and a reasonably

22  specific description of the information requested; and

23                (3)     make the information requested available for inspection by the

24  Non-Party, if requested.

25         (c)     If the Non-Party fails to seek a protective order from this court

26  within fourteen (14) days of receiving the notice and accompanying information,

27  the Receiving Party may produce the Non-Party's confidential information

28

- 13 -

1   responsive to the discovery request.  If the Non-Party timely seeks a protective

2   order, the Receiving Party shall not produce any information in its possession or

3   control that is subject to the confidentiality agreement with the Non-Party before a

4   determination by the court.  Absent a court order to the contrary, the Non-Party

5   shall bear the burden and expense of seeking protection in this court of its Protected

6   Material.

7   10.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

8        If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

9   Protected Material to any person or in any circumstance not authorized under this

10   Stipulated Protective Order, the Receiving Party must immediately (a) notify in

11   writing the Designating Party of the unauthorized disclosures, (b) use its best

12   efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the

13   person or persons to whom unauthorized disclosures were made of all the terms of

14   this Order, and (d) request such person or persons to execute the "Acknowledgment

15   and Agreement to Be Bound" that is attached hereto as Exhibit A.

1    11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE
2           PROTECTED MATERIAL
3           When a Producing Party gives notice to Receiving Parties that certain
4    inadvertently produced material is subject to a claim of privilege or other
5    protection, the obligations of the Receiving Parties are those set forth in Federal
6    Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify
7    whatever procedure may be established in an e-discovery order that provides for
8    production without prior privilege review.  Pursuant to Federal Rule of Evidence
9    502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure
10   of a communication or information covered by the attorney-client privilege or work
11   product protection, the parties may incorporate their agreement in the stipulated
12   protective order submitted to the court.

13   12.    MISCELLANEOUS

14          12.1    Right to Further Relief.  Nothing in this Order abridges the right of any
15   person to seek its modification by the Court in the future.

16          12.2    Right to Assert Other Objections.  By stipulating to the entry of this
17   Protective Order no Party waives any right it otherwise would have to object to
18   disclosing or producing any information or item on any ground not addressed in
19   this Stipulated Protective Order.  Similarly, no Party waives any right to object on
20   any ground to use in evidence of any of the material covered by this Protective
21   Order.

22          12.3    Filing Protected Material.  A Party that seeks to file under seal any
23   Protected Material must comply with Civil Local Rule 79-5.  Protected Material
24   may only be filed under seal pursuant to a court order authorizing the sealing of the
25   specific Protected Material at issue.  If a Party's request to file Protected Material
26   under seal is denied by the court, then the Receiving Party may file the information
27   in the public record unless otherwise instructed by the court.

28

- 15 -

13.   <u>FINAL DISPOSITION</u>

     After the final disposition of this Action, as defined in paragraph 4, within sixty (60) days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60) day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

/ / /

/ / /

/ / /

/ / /

- 16 -

14. <u>VIOLATION</u>

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated:  October 25, 2019

By:  */s/ Neel Chatterjee*
Neel Chatterjee
*nchatterjee@goodwinlaw.com*
**GOODWIN PROCTER LLP**
601 Marshall Street
Redwood City, California 94063
Tel.: +1 650.752.3100
Fax.: +1 650.853.1038

Todd A. Boock
*tboock@goodwinlaw.com*
**GOODWIN PROCTER LLP**
601 S. Figueroa St., 41st Floor
Los Angeles, California 90017
Tel.: +1 213.426.2500
Fax.: +1 213.623.1673

Michaela C. Ogden
*mogden@goodwinlaw.com*
**GOODWIN PROCTER LLP**
Three Embarcadero Center
San Francisco, California 94111
Tel.: +1 415.733.6000
Fax.: +1 415.677.9041

*Attorneys for Plaintiffs*
*High Liner Foods (USA), Inc. and Rubicon*
*Resources, LLC*

Dated:  October 25, 2019

By:  */s/ Jeffrey R. Brower (with permission)*
Michael B. McClellan
*Michael.McClellan@ndlf.com*
Jeffrey R. Brower
*Jeffrey.Brower@ndlf.com*

- 17 -

1

2

John A. O'Hara
*John.Ohara@ndlf.com*
**NEWMEYER & DILLION LLP**
895 Dove Street, 5th Floor
Newport Beach, California 92660
Tel.:  949.854.7000
Fax.:  949.854.7099
*Attorneys for Defendant Haven Foods, LLC*

3

4

5

6

7

8

\*   \*   \*   \*

9

10

11

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

12

DATED:  11/8/2019

13

By: *Alicia G. Rosenberg*

14

Hon. Alicia G. Rosenberg
United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Stipulated Protective Order that

was issued by the United States District Court for the Central District of California

on _____ [date] in the case of *High Liner Foods USA, Inc. et al v. Haven

Foods, LLC*, Case No. 2:19-cv-05060 JAK (AGRx).  I agree to comply with and to

be bound by all the terms of this Stipulated Protective Order and I understand and

acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt.  I solemnly promise that I will not disclose in

any manner any information or item that is subject to this Stipulated Protective

Order to any person or entity except in strict compliance with the provisions of this

Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.  I hereby appoint _____ [print

or type full name] of _____ [print or type full

address and telephone number] as my California agent for service of process in

connection with this action or any proceedings related to enforcement of this

Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

- 19 -